**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK SPOTO, on behalf of himself and all others similarly situated, | ) <br> ) <br> ) Civil Action No.: 5:22-cv-836 (LEK/ML) <br> ) <br> ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **CLASS AND COLLECTIVE** <br> ) **ACTION COMPLAINT** |
| | ) |
| OLLIE'S BARGAIN OUTLET, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |
| | ) |
| | ) |

Mark Spoto ("Named Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.      This Class and Collective Action, brought by the Store Managers of Ollies Bargain Outlet, Inc. ("Ollies" or "Defendant"), challenges Ollie's practices and policies of misclassifying Named Plaintiff and other similarly-situated Store Managers as "exempt" employees, and not paying them overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2.      Ollie's ensures that its Store Managers spend nearly all of their time performing the same tasks as the hourly workers, such as operating cash registers, unloading trucks, cleaning restrooms(corporate requires the Store Manager on duty to sign off three times per day that the bathroom is clean), taking out the garbage, sweeping the floor, scrubbing, salting and shoveling snow, cleaning the windows, dusting, mopping, and merchandising tasks such as unboxing merchandise, moving product onto the floor and placing them at the direction of corporate, refreshing the aisles, and changing aisle end caps and key partitions.

3.      Named Plaintiff and other similarly situated Store Managers (hereinafter

collectively referred to as "Plaintiffs") spend a very small amount of their time performing managerial type duties.

4.    Accordingly, the Store Managers are misclassified as "exempt" employees and should receive hourly pay including overtime.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

6.    This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant and Named Plaintiff are subject to personal jurisdiction in this district.

## PARTIES

8.    Named Plaintiff Mark Spoto is a resident of New York State who has been employed by Ollie's as a Store Manager in its Cicero, New York store from approximately July 2016 to the present.

9.    At all relevant times hereto, Plaintiffs were "employees" within the meaning of the NYLL and FLSA.

10.    Named Plaintiff hereby consents in writing to be a plaintiff in this action and has attached his executed Consent To Sue form as Exhibit A.

11.    Defendant Ollie's is headquartered in Harrisburg, Pennsylvania and began its business in July 1982. Ollie's describes itself as one of America's largest retailers of closeout merchandise and excess inventory and operates approximately 431 stores in 29 states. It markets

itself under the slogan, "Good Stuff Cheap." At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the State of New York and currently maintains approximately 28 locations in New York, including within this District. Upon information and belief Defendant, has employed dozens of Store Managers within New York, and hundreds across the country.

12.    At all relevant times hereto, Ollie's was an "employer" of Plaintiffs and other similarly-situated employees, within the meaning of the NYLL and FLSA.

13.    At all relevant times, Ollies maintained control, oversight, and direction over the operations of the work performed by Plaintiffs, including payroll practices, and had the power to hire and fire Plaintiffs.

14.    At all relevant times, Ollie's had substantial control of the working conditions of Plaintiffs and over the unlawful policies and practices alleged herein.

15.    At all relevant times hereto, under 29 U.S.C. § 201 *et seq.* and the cases interpreting the same, Ollie's was an "enterprise" engaged in commerce or in the production of goods for commerce.

16.    Upon information and belief, Ollie's gross yearly revenues are in excess of $500,000.00.

17.    At all relevant times, Plaintiffs performed work for Ollie's that required them to handle or otherwise work with goods or materials that have been moved and produced for commerce. For example, they deboxed and placed onto the retail floor an assortment of merchandise, including but not limited to house goods, sporting goods, flooring, toiletries, books, stationary, lawn/garden products, automobile, hardware and food. Indeed, Ollie's website touts that it "scour[s] the world" for its merchandise.

## FACTS

18.    Ollie's is a national discount retainer chain that misclassifies Store Managers as

exempt employees, even though their jobs are virtually identical to non-exempt employees, to circumvent the FLSA and the NYLL and avoid paying the Store Managers overtime.

19.     Ollie's markets itself as a discount retail store chain. Ollie's' retail strategy focuses on closeouts, overstocks, package changes, manufacturer refurbished goods, and irregulars. Ollie's also works very closely with financial institutions selling the assets of liquidated companies to convert them into cash.

20.     In practice, the job duties of Store Managers are indistinguishable from Sales Associates, Customer Service Supervisors, Sales Supervisors, and Assistant Team Leaders for most of the workday. However, while those positions are classified as non-exempt and paid overtime compensation, Store Managers are misclassified as exempt and are not paid overtime.

21.     Named Plaintiff has worked for Ollie's from approximately July 2016 through the present.

22.     Named Plaintiff typically works five to six days per week for a total of 55 to 60 hours per week

23.     However, it is not uncommon for Named Plaintiff to sometimes work in excess of 60 hours per week. For example, the week of November 14, 2021 to December 24, 2021, Named Plaintiff worked six days every week during that period and 10 to 14 hours per day. This totaled 60 to 70 hours per week for six consecutive weeks.

24.     When Named Plaintiff worked over 40 hours in a week, he did not receive any overtime compensation.

25.     Instead, Named Plaintiff is paid a flat salary which has been approximately $67,000 to $71,700 per year, regardless of how many hours he works.

26.     Named Plaintiff does not receive accurate wage statements from Defendant reflecting the actual hours worked, among other required information. Instead, his pay stubs always

reflect that he works 40 hours in a week even though he typically works as many as 55-60 hours per week.

27.    In fact, when Named Plaintiff inputs schedules for himself and other Store Managers, and enters a 10-hour shift, the electronic system automatically adjusts it to reflect only 8 hours. The electronic system automatically populates a two hour "meal break" whenever a 10-hour shift is scheduled for a Store Manager. Accordingly, his schedule will only reflect a 40-hour work week despite inputting five 10-hour shifts per week.

28.    Named Plaintiff also did not receive, at his time of hiring, a notice containing accurate information such as his rate of pay and basis thereof, whether he was paid by the hour, shift, day, week, salary, among other required information.

A.    **The Job Of A Store Manager:**

29.    While Store Managers are considered "managers," they engage in very little management duties and have no meaningful discretion in the operation of the store. Indeed, the physical nature of the job is identical to that of other hourly employees. Store managers spend 90% of their time on tasks such as operating cash registers, unloading trucks, cleaning restrooms (corporate requires the Store Manager on duty to sign off three times per day that the bathroom is clean), taking out the garbage, sweeping the floor, scrubbing, salting and shoveling snow, cleaning the windows, dusting, mopping, and merchandising tasks such as unboxing merchandise, moving product onto the floor and placing them at the direction of corporate, refreshing the aisles, and changing aisle end caps and key partitions. In fact, regarding cleaning, Ollie's does not hire an outside contractor to clean the stores, rather it is done by its employees including the Store Managers. Moreover, at the end of every day all employees are expected to assist with cleaning the stores from approximately 5:00 p.m. to closing at 9:00 p.m. and then for an additional hour after the stores close until 10:00 p.m., except for Sundays when it is approximately 4:00 p.m. to closing at 7:00 p.m. and then an additional one-half to one hour after closing.

30.      Store Managers are told at the time of hire that they will work 50 hours per week

alongside the hourly employees. However, they work many more hours per week usually between

50 and 60, without additional compensation.

B.      **The Store Manager Job Differs Little From The Hourly Workers And Does Not Have More Responsibility**

31.      Ollie's classifies its Sales Associates, Customer Service Supervisors, Sales

Supervisors, and Assistant Team Leaders as non-exempt employees, and pays them an hourly

wage plus with overtime.

32.      However, the actual job of a Store Manager is virtually indistinguishable from that

of hourly workers such as Sales Associates, Customer Service Supervisors, Sales Supervisors, and

Assistant Team Leaders In practice, Sales Associates, Customer Service Supervisors, Sales

Supervisors, and Assistant Team Leaders  are performing the same job duties.

## COLLECTIVE ACTION ALLEGATIONS

33.      Named Plaintiff brings this action as a collective action to recover unpaid wages,

including unpaid overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C.

§§ 207 and 216(b), on behalf of himself and a collective of current and former Store Managers

employed by Defendant within three years prior to this action's filing through the trial of this

action (the "Collective Period").

34.      Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Store Managers who have worked for
> Defendant within three years prior to this action's filing through the
> trial of this action and elect to opt-in to this action pursuant to the
> FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

*35.*      Named Plaintiff alleges on behalf of himself and the Nationwide Collective Class

that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did

not receive overtime premium pay, as required by law; and (ii) entitled to liquidated damages

pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

36.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

37.     Defendant has engaged in a continuing and willful violation of the FLSA.

38.     There are numerous similarly-situated current and former Store Managers of Ollie's who have worked over 40 hours a week without appropriate overtime pay, in violation of the FLSA. These Store Managers all had similar, if not identical, job responsibilities. These Store Managers all spent a substantial amount of their time performing non-managerial tasks and only superficially differed from hourly, non-exempt workers.

39.     These similarly-situated current and former Store Managers would benefit greatly from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the lawsuit pursuant to 28 U.S.C. § 216(b). These similarly-situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. As such, notice should be sent to past and present Store Managers of Ollie's.

## CLASS ACTION ALLEGATIONS

40.     Named Plaintiff further brings this action as a state-wide class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of current and former Store Managers employed by Defendant within the State of New York to recover unpaid wages, including premium overtime compensation for all hours worked in excess of 40 per workweek, wage notice and pay statement violations, and "spread of hours" compensation for all hours worked in excess of 10 hours in a single workday, pursuant to the NYLL.

41.     Named Plaintiff brings this suit on behalf of himself and a class of similarly situated persons composed of:

> All current and former Store Managers who have worked for Defendant in the State of New York within six years prior to this action's filing through the trial of this action (the "NY Class").

42.     Named Plaintiff alleges on behalf of the NY Class that Defendant violated the NYLL by, *inter alia*: (i) failing to pay them overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek; and (ii) failing to pay spread of hours pay for all work in excess of 10 hours in a single workday.

43.     The claims brought pursuant to the NYLL may be pursued by all similarly- situated persons who do not opt out of the NY Class pursuant to Fed. R. Civ. P. 23.

44.     The members of each of the NY Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the NY Class is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are hundreds of individuals in the NY Class.

45.     Common questions of law and fact, the answers to which will advance this litigation, exist as to the NY Class and predominate over any questions only affecting them individually. Indeed, there are few if any purely individual issues in this case. The questions of law and fact that are common to Plaintiff and all members of the NY Class include, but are not limited to, the following:

      (a)     whether Store Managers are improperly classified as "exempt" employees under the NYLL;

      (b)     whether Named Plaintiff and the members of NY Class were expected to and/or were mandated to regularly work hours without compensation in violation of the NYLL;

      (c)     whether Defendant has failed to pay Named Plaintiff and members of the NY Class all overtime compensation due to them for all hours worked in excess of 40 hours per week;

      (d)     whether Defendant failed to provide Named Plaintiff and the NY Class spread-of-hours pay as required by the NYLL;

(e)     whether Named Plaintiff and members of the NY Class are entitled to liquidated damages and injunctive relief.

46.     The claims of Named Plaintiff are typical of the claims of the members of the NY Class they seek to represent. Named Plaintiff and the members of the NY Class work, or have worked, for Ollie's as Store Managers and are, or were, subject to the same compensation policies and practices, including not being compensated for all hours worked and/or not being paid overtime compensation.

47.     Named Plaintiff will fairly and adequately protect the interests of the NY Class as his interests are in alignment with those of the members of the NY Class. He has no interests adverse to the class they seek to represent and have retained competent and experienced counsel.

48.     Defendant has acted or has refused to act on grounds generally applicable to the NY Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the NY Class as a whole appropriate.

49.     The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. Common issues of law and fact predominate over any individual issues. The damages suffered by individual members of the NY Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the NY Class to individually seek redress for the wrongs done to them.

50.     The Nationwide Collective Class and the NY Class are hereafter together referred to as the "Classes."

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS
**(On Behalf of the Nationwide Collective Class)**

51.     Named Plaintiff, on behalf of himself and the Nationwide Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

52.     At all relevant times, Ollie's has had gross revenues in excess of $500,000.

53.     At all relevant times, Ollie's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54.     At all relevant times, Defendant has employed, and/or continues to employ, Named Plaintiff and each of the Nationwide Collective Class Members within the meaning of the FLSA.

55.     At all relevant times, Defendant had a willful policy and practice of misclassifying Named Plaintiff and similarly situated Store Managers as "exempt" in order to avoid paying them for all hours worked or appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

56.     As a result of the Defendant's willful failure to compensate its employees, including Named Plaintiff and the members of the Nationwide Collective Class, for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Ollie's has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

57.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58.     Due to the Defendant's FLSA violations, Named Plaintiff, on behalf of himself and the members of the Nationwide Collective Class, are entitled to recover from the Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW — OVERTIME VIOLATIONS
### (On Behalf of the NY Class)

59.     Named Plaintiff, on behalf of himself and all NY Class members, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

60.     Plaintiffs were employed by Ollie's within the meaning of the NYLL.

61.     At all relevant times, Defendant had a willful policy and practice of misclassifying Named Plaintiff and similarly situated Store Managers as "exempt" in order to avoid paying them for all hours worked or appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

62.     As a result of the Defendant's willful failure to compensate its employees, including Named Plaintiff and the members of the NY Class, for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Ollie's has violated and, continues to violate, N.Y. Lab. Law Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

63.     Due to the Defendant's violations of the NYLL, Plaintiffs and the members of the NY Class are entitled to recover from the Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to N.Y. Lab. Law Article 19 § 663.

<u>**THIRD CLAIM FOR RELIEF**</u>
<u>**NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATIONS**</u>
**(On Behalf of the NY Class)**

64.     Named Plaintiff, on behalf of himself and all members of the NY Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

65.     Named Plaintiff and members of the NY Class worked more than 10 hours in a workday. Defendant has willfully failed to pay Named Plaintiff and the members of the NY Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

66.     Defendant's failure to pay Named Plaintiff and the members of the NY Class spread of hours compensation for each day they worked in excess of 10 hours is a willful violation of

N.Y. Lab. Law Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor

Regulations.

67.     Due to Defendant's violation of the NYLL, Named Plaintiff and the members of

the NY Class are entitled to recover from Defendant: an award of damages for their unpaid

compensation; liquidated damages; reasonable attorneys' fees and costs; and disbursements of the

action, pursuant to the N. Y. Lab. Law Article 19 § 663.

## FOURTH CAUSE OF ACTION
## NEW YORK FAILURE TO PROVIDE WAGE NOTICES

68.     Named Plaintiff, on behalf of himself and all members of the NY Class, re-alleges

and incorporates by reference the paragraphs above as if they were set forth again herein.

69.     Defendant has willfully failed to provide Named Plaintiff and members of the NY

Class with accurate wage notices, as required by NYLL § 195(1), in English or in the language

identified as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates

of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the

employer in accordance with NYLL § 191; the name of the employer; any "doing business as"

names use by the employer; the physical address of the employer's main office or principal place

of business and a mailing address if different; the telephone number of the employer; plus, such

other information as the commissioner deems material and necessary.

70.     Through their knowing or intentional failure to provide Plaintiffs with the wage

notices and pay statements required by the NYLL, Defendant has willfully violated NYLL §§

191(1)  and the supporting New York State Department of Labor Regulations.

71.     According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every day they did

not receive a wage notice up to a total of $5000, together with costs and reasonable attorney's fees.

72.     By the foregoing reasons, Defendant violated NYLL §§ 195(1) and are liable to the

Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**NEW YORK FAILURE TO PROVIDE PAY STATEMENTS**

73.     Named Plaintiff, on behalf of himself and all members of the NY Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

74.     Defendant has willfully failed to provide Named Plaintiff and members of the NY Class with pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

75.     Through their knowing or intentional failure to provide Plaintiffs with the wage notices and pay statements required by the NYLL, Defendant has willfully violated NYLL §§ 191(3)  and the supporting New York State Department of Labor Regulations.

76.     According to NYLL § 198-1(b), Plaintiffs are entitled to $250 for every day they did not receive a wage statement up to a total of $5000, together with costs and reasonable attorney's fees.

77.     By the foregoing reasons, Defendant violated NYLL §§ 195(3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff, individually and on behalf of himself and all other similarly situated members of the Nationwide Collective Class, and members of the NY Class, respectfully requests that this Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the Nationwide Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B.      Designation of the action as a class action under Fed. R. Civ. P. 23 on behalf of the NY Class;

C.      An award of unpaid overtime compensation to Named Plaintiff and members of the Classes;

D.      An award to Named Plaintiff and the members of the NY Class of spread of hours pay under regulations promulgated under the NYLL;

E.      An award to Named Plaintiff and the members of the NY class of damages for failure to provide accurate wage notices and pay statements under the NYLL;

F.      An award of liquidated damages to Named Plaintiff and members of the Classes;

G.      An award of prejudgment and post-judgment interest to Named Plaintiff and members of the Classes;

H.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Named Plaintiff and members of the Classes; and

I.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: August 10, 2022

*/s/ Frank S. Gattuso*
Frank S. Gattuso
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
(315) 314-8000
fgattuso@gclawoffice.com

-and-

*/s/ James Emmet Murphy*
James Emmet Murphy, Esq.
Michele A. Moreno, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:    (212) 943-9080
Fax:    (212) 943-9082
jmurphy@vandallp.com


*Attorneys for the Plaintiff and Putative Class and Collective*

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT NEW YORK

| | |
|---|---|
| MARK SPOTO, on behalf of himself and all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>OLLIE'S BARGAIN OUTLET, INC.,<br><br>                Defendant. | CIVIL ACTION<br><br>CASE NO:<br><br><br>**CONSENT TO JOIN** |

By signing below, I, Mark Spoto, consent to participate in this lawsuit to recover unpaid wages

owed to me. I further consent to the firms of Virginia & Ambinder, LLP and Gattuso & Ciotoli,

PLLC representing me in this case.

Signature: *Mark Spoto*
Mark Spoto (Aug 9, 2022 14:49 EDT)

Date: Aug 9, 2022

Address:
Phone Number:
E-mail:

James Murphy, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel. 212 943 9080 | Fax 212 943 9082 | www.vandallp.com